```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

ROBERT JOHNSON                                              PLAINTIFF

              v.          Civil No. 05-2136

CITY OF FORT SMITH, ARKANSAS;
THE FORT SMITH AIRPORT COMMISSION;
WILLIAM STRANDELL, individually;
JOHN R. DALLAS, individually;
THE UNITED STATES OF AMERICA;
WILLIAM HARDING, individually;
JOHN POLINSKY, JR., individually;
R. MARK HORN, individually;
KENNETH PYLE, individually;
GARY W. CAMPBELL, individually;
COLE GOODMAN, individually;
JERRY R. STEWART, individually;
JOSEPH HERMANN, individually;
RICK DERAMUS, individually,                                DEFENDANTS

**O R D E R**

NOW on this 9th day of August, 2006, the above referenced matter comes on for this Court's consideration of **Defendant Cole Goodman's Motion for Protective Order (document #65)**, and the plaintiff's response thereto. Having reviewed the pleadings of the parties, and all other matters of relevance before it, the Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff Robert A. Johnson filed this action against the City of Fort Smith, Arkansas, the Fort Smith Airport Commission, William Strandell, John R. Dallas, the United States of America, William Harding, John Polinsky, Jr., R. Mark Horn, Kenneth Pyle, Gary W. Campbell, Cole Goodman, Jerry R. Stewart, Joseph Herrmann, and Rick Deramus. Plaintiff's complaint contains

seven (7) separate counts: breach of contract, intentional interference with contract or business expectancy, denial of due process under 42 U.S.C. § 1983, denial of due process under Ark. Code Ann. § 16-123-105, defamation, civil conspiracy, and age discrimination under Ark. Code Ann. § 21-3-203.

2. Various motions to dismiss have been filed by the defendants. Pending decision with respect to the motions to dismiss, discovery has not yet begun.

3. According to the instant motion, the plaintiff has submitted a request, under the Arkansas Freedom of Information Act, Arkansas Code Annotated 25-19-101, et seq., for all documents in the file of Attorney S. Walton Maurras pertaining to his client, Cole Goodman, or any other person or entity named as a defendant herein. Goodman argues that the plaintiff is attempting an "end run" around the Federal Rules of Civil Procedure to prematurely seek discovery. Goodman asks this Court to issue a protective order, under Arkansas Code Annotated 25-19-105(b)(8)[1], to exempt the requested information from disclosure.

The plaintiff opposes the Goodman's motion, and argues that he is entitled to the information requested under the Arkansas Freedom of Information Act.

4. The Court finds that Goodman's motion should be, and it

---

[1] Arkansas Code Annotated 25-19-105(b)(8) exempts from disclosure "[d]ocuments that are protected from disclosure by order or rule of court."

hereby is, **denied.** The Court finds no reason to prevent the plaintiff from exercising his rights under the Arkansas Freedom of Information Act, and notes that the Arkansas Courts have repeatedly upheld the production of litigation files of attorneys for public officials, employees or agencies. *See* <u>City of Fayetteville v. Edmark</u>, 801 S.W.2d 275, 282-83 (Ark. 1990).

**IT IS, THEREFORE, ORDERED** that **Defendant Cole Goodman's Motion for Protective Order (document #65)** should be, and it hereby is, **denied.**

**IT IS SO ORDERED.**

                                         <u>/s/ Jimm Larry Hendren</u>
                                         JIMM LARRY HENDREN
                                         UNITED STATES DISTRICT JUDGE