```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION
```

ROBERT JOHNSON                                                    PLAINTIFF

               v.           Civil No. 05-2136

CITY OF FORT SMITH, ARKANSAS;
THE FORT SMITH AIRPORT COMMISSION;
WILLIAM STRANDELL, individually;
JOHN R. DALLAS, individually;
THE UNITED STATES OF AMERICA;
WILLIAM HARDING, individually;
JOHN POLINSKY, JR., individually;
R. MARK HORN, individually;
KENNETH PYLE, individually;
GARY W. CAMPBELL, individually;
COLE GOODMAN, individually;
JERRY R. STEWART, individually;
JOSEPH HERMANN, individually;
RICK DERAMUS, individually,                                      DEFENDANTS

**O R D E R**

NOW on this 6th day of March, 2007, the above referenced matter comes on for this Court's consideration of **Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Filed on August 16, 2006** (document # 93) and the **Supplemental Motion to Substitute the United States for Individually Named Defendants William Strandell and John R. Dallas and Motion to Dismiss the Complaint as to the United States** (document # 120), and the various responses and replies thereto. Having reviewed the pleadings of the parties, and all other matters of relevance before it, the Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1.    Plaintiff, Robert A. Johnson, (hereinafter "Johnson" or

"plaintiff") filed this action on September 12, 2005 against the following named defendants:

* the City of Fort Smith, Arkansas (Fort Smith);
* the Fort Smith Airport Commission (Airport Commission);
* William Strandell (Strandell);
* John R. Dallas (Dallas);
* the United States of America (United States);
* William Harding (Harding);
* John Polinsky, Jr. (Polinsky);
* R. Mark Horn (Horn);
* Kenneth Pyle (Pyle);
* Gary W. Campbell (Campbell);
* Cole Goodman (Goodman);
* Jerry R. Stewart (Stewart);
* Joseph Herrmann (Herrmann); and
* Rick Deramus (Demarus).

This matter was originally filed on September 12, 2005; a First Amended Complaint (document #82) was filed on August 16, 2006; and, a First Amended and Substituted Complaint (document #109) was filed on September 12, 2006.

Plaintiff's complaint contains seven (7) separate counts:

* breach of contract;
* intentional interference with contract or business expectancy;

* denial of due process under 42 U.S.C. § 1983;
* denial of due process under Ark. Code Ann. § 16-123-105;
* defamation;
* civil conspiracy;, and
* age discrimination under Ark. Code Ann. § 21-3-203.

Initially, separate defendants the United States, Strandell and Dallas moved to dismiss (document # 93) the plaintiff's First Amended Complaint filed herein on August 16, 2006. They argued that the First Amended Complaint failed to state any allegations against them upon which relief can be granted. They then filed their **Supplemental Motion to Substitute the United States for Individually Named Defendants William Strandell and John R. Dallas and Motion to Dismiss the Complaint as to the United States** (document #120).

2. The Court observes that its Order dated September 12, 2006 noted that the defendants had filed various motions to dismiss plaintiff's First Amended Complaint (document #82). Further, the Order ruled that, to the extent any such motions were based upon plaintiff's non-compliance with Local Rule 5.5(e), the motions were denied as moot. Defendants were then allowed time within which to supplement their pending motions to dismiss to assert other bases for dismissal. They did so with the filing of their **Supplemental Motion to Substitute the United States for Individually Named Defendants William Strandell and John R. Dallas**

**and Motion to Dismiss the Complaint as to the United States** (document #120).

3.  The Court will initially address the separate defendants' argument that the United States should be substituted for the individually named defendants, Strandell and Dallas; and will then discuss their argument that the complaint should be dismissed as to the United States.

4.  As background for these discussions, it is useful to note the following "facts" as alleged in plaintiff's complaint -- which "facts" will, for purposes of ruling on the motions under discussion, be taken as true:

\*  that Johnson was hired by the Airport Commission and Fort Smith as Airport Manager of the Fort Smith Airport on August 22, 1988.  Complaint, ¶ 19;

\*  that the Airport Commission, Fort Smith, and Johnson entered into a written Employment Agreement, which was subsequently amended on August 31, 2000 and January 28, 2003. Complaint, ¶ 20;

\*  that, under the Employment Agreement, Johnson's employment could only be terminated for cause.  Complaint, ¶ 21;

\*  that on December 1, 1995, the Airport Commission and Fort Smith established a Salary Reduction Plan for Johnson under 26 U.S.C. § 457(f), under which Johnson would be fully vested in his benefits under the Plan at the age of 60.  Complaint, ¶ 23-24.

Further, Johnson was named as the "Named Fiduciary and Plan Administrator" under the Salary Reduction Plan. Complaint, ¶ 25;

* that on November 6, 2003, the Airport Commission and Fort Smith terminated Johnson's employment, without sufficient cause. Complaint, ¶ 26-27;

* that Johnson's 60th birthday occurred on December 8, 2003. Complaint, ¶ 28; and

* that Dallas and Strandell were employed by the United States Department of Defense at all times pertinent to the Complaint. Complaint, ¶ 39, 40.

5. **Motion To Substitute** -- In their motion, the separate defendants argue that the United States should be substituted as a defendant for both Strandell and Dallas under 28 U.S.C. § 2679(b). Plaintiff resists that notion.

According to 28 U.S.C. § 2679, the remedy of an injured party for an injury resulting from the negligent or wrongful act of any employee of the government while acting within the scope of his/her office is exclusively against the United States of America. 28 U.S.C. § 2679(b). Specifically,

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

Such a certification has been previously filed with this Court as an exhibit to the separate defendants' **Motion to Substitute the United States for Individually Named Defendants William Strandell and John R. Dallas and Motion to Dismiss the Complaint** (document #30) filed on November 10, 2005.

However, although an Attorney General's certification that an employee was acting within the scope of his employment is prima facie evidence that the employee's challenged conduct was within the scope of employ, the certification is subject to limited judicial review. Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir. 1991). According to Brown,

> 'the burden of altering that status quo' is on the plaintiff, who must come forward with specific facts rebutting the government's scope-of-employment certification. If the issue is contested, plaintiff bears the burden of proving that the employee was not acting within the scope of employ, consistent with the purpose of § 2679(d) and with the general scheme of the FTCA, in which plaintiff bears the burden of proof on this issue.

949 F.2d at 1012 (citations omitted). Further, it is clear that the scope of employment analysis is governed by the state law of *respondeat superior*. See Piper v. U.S., 887 F.2d 861, 863 (8th Cir. 1989).

Under Arkansas law, "[w]hether the employee's action is within the scope of employment . . . [depends] on whether the individual is carrying out the 'object and purpose of the enterprise,' as opposed to acting exclusively in his own

-6-

interest." Gordon v. Planters & Merchants Bancshares, Inc., 935 S.W.2d 544, 550-551 (Ark. 1996)(citing J.B. Hunt Transp., Inc. V. Doss, 899 S.W.2d 464 (Ark. 1995)).

Plaintiff argues that the alleged acts by Strandell and Dallas went beyond furthering their employer's interest -- and, therefore, the United States should not be substituted as a defendant, and Strandell and Dallas should not receive the protections of the Federal Tort Claims Act. Specifically, plaintiff -- quoting the separate defendants' pleadings -- notes that the duties of Strandell's employment included:

> \*  "to initiate, negotiate, process, and approve real property leases, airport joint use agreements, master cooperative construction agreements, contracts, funding agreements, memorandums of agreement, and memorandums of understanding between the United States Air Force and state and local governments";
>
> \*  "to negotiate with The Fort Smith Airport Commission on behalf of the Secretary of the Air Force to obtain an Airport Joint Use Agreement and other agreements affecting the basing rights of the 188th Fighter Wing"; and,
>
> \*  "to negotiate Airport Joint Use Agreements . . . [and] to communicate on numerous occasions with the Commander of the 188th Fighter Wing, and with officials of the City of Fort Smith Airport Commission . . . concern[ing] the 188th's tenancy and occupancy . . . on the Fort Smith Municipal Airport".

Again quoting the separate defendants' pleadings, plaintiff notes that the employment duties of Dallas included:

> \*  "to command the 188th Fighter Wing (188th) and execute the training and operational missions in the defense of the nation";
>
> \*  to "[represent] the 188th and to [act] as the local

>    Air Force Liaison Officer in the negotiation and approval of real property leases, airport joint use agreements, master cooperative construction agreements, contracts, funding agreements, memorandums of agreement, and memorandums of understanding between the United States Air Force and the Fort Smith Airport Commission"; and
>
>    *  "the management and expenditure of federal funds in compliance with federal law in order to provide for the military needs of the Air Force and this assigned unit".

Plaintiff further argues that the following allegations of his Complaint "go far beyond the duties recited above":

>    *  publishing statements about the plaintiff that were known to be untrue or were made with a reckless disregard for their truthfulness (Complaint, ¶ 52(b));
>
>    *  conspiring to terminate the plaintiff's employment with the Airport Commission with or without cause, at any cost and on any grounds possible (Complaint, ¶ 60);
>
>    *  conspiring to manufacture or dredge up any facts possible to justify terminating the plaintiff's employment in order to satisfy their personal and corporate political ambitions of making the plaintiff appear responsible for difficulties surrounding the renegotiation of the Airport Commission's "Airport Joint Use Agreement" and "Lease" with the United States (Complaint, ¶ 61); and,
>
>    *  committing such other and further improper acts as shall be proven at trial (Complaint, ¶ 52(d)).

With respect to the plaintiff's argument concerning the allegations of the complaint, controlling case law makes clear that the determination of whether the United States should be substituted in place of the separate defendants is *not* controlled by the asserted allegations.  Osborn v. Haley, 127 S.Ct. 881 (2007).  Rather, the Attorney General's "certification must be respected unless and until the District Court determines that

-8-

. . . [the separate defendants] *in fact*, engaged in conduct beyond the scope of [their] employment." Osborn v. Haley, 127 S.Ct. at 900.

In furtherance of his argument against substitution, plaintiff submits documentary evidence apparently intended to rebut the U.S. Attorney's certification. He says that "[w]hile these documents may not show direct evidence of all of the acts complained of, they do show that the motivation of Strandell and/or Dallas was motivated by personal animosity toward the Plaintiff and went far beyond their respective scopes of employment." Plaintiff further argues that the submitted documentary evidence shows "that the acts complained of were unforeseeable, not of the kind [the separate defendants] were hired to perform, did not further the United States' interest of negotiating and obtaining contractual rights to use the Fort Smith Airport facilities, and were motivated exclusively by personal animosity toward the Plaintiff – not any interest to advance the interest of the United States . . . ."

After having thoroughly reviewed plaintiff's submissions on the point, the Court concludes that he has failed to submit sufficient evidence to support his contention that the separate defendants' actions went beyond their scope of employment. Accordingly, the Court finds that he has failed to rebut the presumption established by the U.S. Attorney's certification of

-9-

employment. Both Strandell and Dallas were solely affiliated with the plaintiff as a result of their employment duties. And, despite the plaintiff's allegations that both Strandell and Dallas eventually took their relationship with the plaintiff personally, the Court finds no evidence that the actions of either separate defendant were carried out *exclusively* for their own interests. *See* Lawson v. United States, 103 F.3d 59 (8th Cir. 1996).[1]

6. **Motion To Dismiss** --   In support of their motion to dismiss plaintiff's complaint, the separate defendants assert several theories. First, they argue that this Court does not have subject matter jurisdiction over this matter -- since, they say, plaintiff has failed to exhaust his administrative remedies as required by the Federal Tort Claims Act.

In response, plaintiff simply says that any dismissal for failure to exhaust administrative remedies should be without prejudice.

Accordingly, the Court must determine whether exhaustion is required and, if so, whether such has occurred.

"[T]here can be no question but that the filing of an administrative claim is an absolute prerequisite to maintaining a

---

[1] The Court further rejects plaintiff's argument that to be covered under the Federal Tort Claims Act the employee's acts must have been undertaken without malice toward the victim. The plaintiff cites Rainey v. Hartness, 5 S.W.3d 410 (Ark. 1999) in support of his position. Rainey is distinguishable in that it addresses when immunity is applicable for state employees. Further, both 28 U.S.C. § 2679 and case law establishes that intentional torts may be covered under the Federal Tort Claims Act. See Duffy v. United States, 966 F.3d 307, 331 (7th Cir. 1992).

civil action against the Government for damages arising from a tortious occurrence . . ."  Meeker v. United States, 435 F.2d 1219, 1220 (8th Cir. 1970).  According to 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C.A. § 2675(a).

In light of the foregoing, it is clear that exhaustion is required.  Thus, the final question is whether such has occurred.

Plaintiff has made no allegation that he has filed an administrative claim; and, therefore, the Court must conclude that plaintiff's complaint against the United States should be dismissed for failure to exhaust administrative remedies.

7.  Since the Court is ruling that the complaint should be dismissed for failure to exhaust remedies, the Court deems it unnecessary to examine or discuss separate defendants' other theories for dismissal.

IT IS, THEREFORE, ORDERED that **Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Filed on August 16, 2006** (document # 93) and the **Supplemental Motion to Substitute the United States for Individually Named Defendants William Strandell**

-11-

**and John R. Dallas and Motion to Dismiss the Complaint as to the United States** (document # 120) should be, and they hereby are, **granted** as follows:

   \*   **the United States is substituted for individually named defendants William Strandell and John R. Dallas; and,**

   \*   **the plaintiff's complaint is dismissed for failure to exhaust administrative remedies as against the United States.**

   **IT IS SO ORDERED.**

                                    /s/ Jimm Larry Hendren
                                    JIMM LARRY HENDREN
                                    UNITED STATES DISTRICT JUDGE