IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT JOHNSON                                                    PLAINTIFF

          v.              Civil No. 05-2136

CITY OF FORT SMITH, ARKANSAS;
THE FORT SMITH AIRPORT COMMISSION;
WILLIAM STRANDELL, individually;
JOHN R. DALLAS, individually;
THE UNITED STATES OF AMERICA;
WILLIAM HARDING, individually;
JOHN POLINSKY, JR., individually;
R. MARK HORN, individually;
KENNETH PYLE, individually;
GARY W. CAMPBELL, individually;
COLE GOODMAN, individually;
JERRY R. STEWART, individually;
JOSEPH HERMANN, individually;
RICK DERAMUS, individually,                                      DEFENDANTS

**O R D E R**

NOW on this 6th day of March, 2007, the above referenced matter comes on for this Court's consideration of the **Motion to Dismiss First Amended Complaint by Separate Defendants, The City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #87), the **Motion to Dismiss of the Separate Defendants, City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #114), and the various responses and replies thereto. Having reviewed the pleadings of the parties, and all other matters of relevance before it, the Court, being well and sufficiently advised, finds and orders as follows:

1.   Plaintiff, Robert A. Johnson,(hereinafter either "plaintiff" or "Johnson") filed this action on September 12, 2005

against the following named defendants:

* the City of Fort Smith, Arkansas ("Fort Smith");

* the Fort Smith Airport Commission ("Airport Commission");

* William Strandell ("Strandell");

* John R. Dallas ("Dallas");

* the United States of America ("U.S.A.");

* William Harding ("Harding");

* John Polinsky, Jr. ("Polinsky");

* R. Mark Horn ("Horn");

* Kenneth Pyle ("Pyle");

* Gary W. Campbell ("Campbell");

* Cole Goodman ("Goodman");

* Jerry R. Stewart ("Stewart");

* Joseph Herrmann ("Herrmann"); and

* Rick Deramus ("Deramus").

This matter was originally filed on September 12, 2005; a First Amended Complaint (document #82) was filed on August 16, 2006; and a First Amended and Substituted Complaint (document #109) was filed on September 12, 2006.

Plaintiff's complaint -- as finally constituted -- contains seven (7) separate counts:

* breach of contract;

* intentional interference with contract or business expectancy;

-2-

* denial of due process under 42 U.S.C. § 1983;

* denial of due process under Ark. Code Ann. § 16-123-105;

* defamation;

* civil conspiracy; and

* age discrimination under Ark. Code Ann. § 21-3-203.

2.   Initially, separate defendants Fort Smith, Harding and Campbell moved to dismiss (document # 87) the plaintiff's First Amended Complaint filed herein on August 16, 2006.  The separate defendants argued that the First Amended Complaint failed to state any allegations against them upon which relief can be granted. The separate defendants then filed their **Motion to Dismiss of the Separate Defendants, City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #114).

The Court notes that its Order dated September 12, 2006 noted that the defendants had filed various motions to dismiss plaintiff's First Amended Complaint (document #108).  Further, the Order ruled that to the extent that any such motions were based upon plaintiff's non-compliance with Local Rule 5.5(e), the motions were denied as moot.  The defendants were then allowed time within which to supplement their pending motions to dismiss with other bases for dismissal.  The separate defendants did just that with the filing of their **Motion to Dismiss of the Separate Defendants, City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #114).

3.    When ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court "must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  Although dismissal for failure to state a claim can only be granted when it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief, "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young, 244 F.3d at 627.

4.  **Plaintiff's alleged facts in complaint** -- As background, it is useful to examine the alleged facts as set out in plaintiff's ultimate complaint.  According to the plaintiff's First Amended and Substituted Complaint (document #109)(hereinafter referred to as "Complaint"), these are the pertinent facts the Court should consider in connection with the motions to dismiss under discussion:

    *  that Johnson was hired by the Airport Commission and Fort Smith as Airport Manager of the Fort Smith Airport on August 22, 1988.  Complaint, ¶ 19;

    *   that the Airport Commission, Fort Smith, and Johnson

-4-

entered into a written Employment Agreement, which was subsequently amended on August 31, 2000 and January 28, 2003. Complaint, ¶ 20;

* that, under the Employment Agreement, Johnson's employment could only be terminated for cause.  Complaint, ¶ 21;

* that, on December 1, 1995, the Airport Commission and Fort Smith established a Salary Reduction Plan for Johnson under 26 U.S.C. § 457(f);

* that, under the Salary Reduction Plan, Johnson would be fully vested in his benefits under the Plan at the age of 60. Complaint, ¶ 23-24.  And, further, that Johnson was named as the "Named Fiduciary and Plan Administrator" under the Salary Reduction Plan.  Complaint, ¶ 25;

* that, on November 6, 2003, the Airport Commission and Fort Smith terminated Johnson's employment, without sufficient cause. Complaint, ¶ 26-27;

* that Johnson's 60th birthday occurred on December 8, 2003. Complaint, ¶ 28;

* that Polinsky and Horn were appointed by the Airport Commission to replace Johnson as Named Fiduciaries and Plan Administrators under the Salary Reduction Plan.  Complaint, ¶ 29;

* that Harding was the City Administrator for Fort Smith at all times pertinent to the Complaint; and

* that Campbell was a member of Fort Smith's Board of

-5-

Directors at all times pertinent to the Complaint.  Complaint, ¶ 30, 32.

5.  **Plaintiff's claims against Fort Smith, Harding and Campbell** -- Fort Smith, Harding and Campbell now move to dismiss the following claims set out in plaintiff's complaint, as asserted against them.  The Court will address each challenged Count separately.

(a)  **Count I -- Breach of Contract** -- Harding and Campbell argue that Count I of plaintiff's complaint is stated against other defendants and not against them.  Plaintiff agrees. Accordingly, the motion to dismiss will be granted in that respect and plaintiff's claims against Harding and Campbell in Count I of the complaint will be dismissed.

Fort Smith says that, although Count I alleges that Fort Smith breached its employment contract with plaintiff, the city was not a party to any such contract -- as shown by the Second Revised and Updated Employment Agreement attached as Exhibit A to plaintiff's Complaint.

In response, plaintiff argues that "[t]he Airport Commission is a commission of Fort Smith, which makes Fort Smith liable indirectly for Counts I and VII."  Further, plaintiff argues that he has pled "that Fort Smith dealt directly with him under his employment agreement, was liable to him under it, and breached the employment agreement as well as discriminating against him because

-6-

of his age."

The Court, viewing plaintiff's complaint in the light most favorable to the plaintiff, concludes that it states a claim against Fort Smith with respect to Count I, Breach of Contract which is sufficient to withstand a motion to dismiss. Therefore, the separate defendants' motion to dismiss will be denied as to plaintiff's claim for breach of contract against Fort Smith.

(b) **Count II -- Intentional Interference With Contract or Business Expectancy** -- With respect to plaintiff's Count II, Fort Smith, Harding and Campbell argue that they are entitled to immunity pursuant to Ark. Code Ann. § 21-9-301.

Plaintiff responds by arguing that, in Count II of his complaint, he alleges that he had a valid Employment Agreement with the Airport Commission and Fort Smith and a valid business expectancy that he would remain employed by the Airport Commission. Complaint, ¶ 49-50. He says his complaint alleges that these separate defendants knew about the Employment Agreement; that they intentionally and improperly interfered with it; and that they induced the Airport Commission to terminate his employment. Complaint, ¶ 51-52. Finally, plaintiff notes that he has pled, alternatively, that Harding and Campbell (and others) were both acting within the scope of their official capacity, and acting individually. Complaint, ¶ 54-55.

In considering this issue, the Court first notes the

-7-

following pertinent provisions of applicable Arkansas law:

Ark. Code Ann. § 21-9-301 provides:

(a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

(b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

The Court further notes that Arkansas state courts, federal district courts, and the Eighth Circuit Court of Appeals have repeatedly interpreted the foregoing statute to mean that municipal corporations are immune from tort recovery based on negligence actions; but, that Arkansas law does not enjoin tort recovery for intentional torts. *See* Pennsylvania Nat. Mut. Cas. Ins. Co. V. City of Pine Bluff, 354 F.3d 945 (8th Cir. 2004); Marley v. Crawford County, 383 F.Supp.2d 1129 (W.D. Ark. 2005); Deitsch v. Tillery, 833 S.W.2d 760 (Ark. 1992).[1]  Further, it is also well settled that the immunity provided by Ark. Code Ann. § 21-9-301 does not extend to a municipal employee for *personal* liability -- as a result of actions taken in his or her individual

---

[1] The Court acknowledges that the separate defendants argue that the courts have, over a series of cases, misinterpreted Arkansas law – ultimately inaccurately morphing it into the interpretation accepted by this Court.  The Court does not agree with the separate defendants' argument, and finds Smith v. Brt, 2005 WL 1532426 (Ark., June 30, 2005), cited by the separate defendants, to be consistent with this Court's interpretation.

capacity.  <u>Battle v. Harris</u>, 766 S.W.2d 431 (Ark. 1989).  <u>Davis v. Fulton County</u>, 90 F.3d 1346 (8th Cir. 1996).  *See also* <u>Cousins v. Dennis</u>, 767 S.W.2d 296 (Ark. 1989).

In Count II of the complaint, plaintiff alleges that Harding and Campbell, acting alternatively in their official[2] and individual capacities, took actions that resulted in the interference with his employment contract and future business expectancy with the Airport Commission.  Thus, because the actions alleged are *intentional actions*, immunity pursuant to Ark. Code Ann. § 21-9-301 does not extend to the Harding and Campbell.[3] Therefore, the separate defendants' motion is denied with respect to Count II.

(c)  **Court III -- Denial of Due Process, Violation of 42 U.S.C. § 1983** --  In Count III of plaintiff's complaint, he asserts a claim under 42 U.S.C. § 1983 alleging that the defendants, including Fort Smith (acting through Harding, Campbell, Pyle and Goodman[4]), Harding, and Campbell, conspired

---

[2]"A suit against . . . [an] official in his or her official capacity is not a suit against that person, but rather a suit against that official's office." <u>Smith v. Brt</u>, 2005 WL 1532426 (Ark., June 30, 2005)(citing <u>Fegans v. Norris</u>, 89 S.W.3d 919 (Ark. 2002)).

[3]The separate defendants also argue that the plaintiff fails to assert factual allegations sufficient to state a claim against Harding and Campbell, individually, with respect to Count II. The Court finds that the plaintiff's complaint is sufficient to state a claim against Harding and Campbell in their individual capacities.

[4]"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985)(citing <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658 (1978)).  "It is **not** a suit against the official personally, for the real party in interest is the entity." <u>Id</u>.

together to violate plaintiff's due process rights.

On this point, the separate defendants argue that the claims asserted under Count III should be dismissed. Specifically, with respect to the claims against Fort Smith, they argue that the plaintiff has not sufficiently pled an unconstitutional policy or custom as required.

With respect to the claims asserted against Harding and Campbell, individually, they say that to assert a claim for individual liability under 42 U.S.C. § 1983, the plaintiff must establish that Harding and Campbell acted "under color of state law" and that they deprived Johnson of his rights, privileges or immunities secured by the Constitution or federal law -- and that plaintiff has not so alleged nor could he establish such. They further argue that plaintiff's allegations fail to indicate that Harding and Campbell did more than merely exercise their First Amendment rights -- and that they are immune from suit for doing so.

The Court will consider this issue first from the standpoint of separate defendant, Fort Smith.

(1) **Fort Smith** --  "Liability under §1983 requires a causal link to, and direct responsibility for, the deprivation of [constitutionally protected] rights." Madewell v. Roberts, 909 F.2d. 1203, 1208 (8th Cir. 1990). A political subdivision may be liable under 42 U.S.C. § 1983 only where the municipality's policy

or custom deprives persons of their constitutionally or federally protected rights.  Monell v. Dept. of Social Serv., 436 U.S. 658 (1978).

The separate defendants argue that plaintiff failed to sufficiently plead that Fort Smith employs an unconstitutional policy or custom in connection with relevant matters.  According to them, plaintiff's complaint "fails to include any allegation, reference, or language by which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom."  Separate Defendants' brief (document #115), p. 5.

In response, plaintiff argues that the complaint "did not have to specifically plead the existence of a 'policy or custom' in order to survive this Motion to Dismiss."  Plaintiff's response brief (document #126), p. 6.

According to established law, to prove an unconstitutional policy or custom, the plaintiff must show:  (1) the existence of a continuing widespread, persistent pattern of unconstitutional misconduct by the municipality's employees; (2) deliberate indifference to or tacit authorization of such conduct by the municipality's policymaking officials after notice of that misconduct; and (3) that the custom was the "moving force" behind the constitutional violation suffered.  Jane Doe A v. Special School Dist., 901 F.2d 642, 646 (8th Cir. 1990); *see also* Board of

Comm'rs v. Brown, 520 U.S. 397, 400 (1997).  A single incident normally does not suffice to prove the existence of a municipal custom.   Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)(plurality opinion).

The Court notes the following language from applicable case law:

> (a plaintiff) need not . . . specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss, . . . failure to include any 'allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom' renders the complaint deficient.

Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588 (8th Cir. 2004)(quoting Doe v. Sch. Dist. of Norfolk, 340 F.3d 605 (8th Cir. 2003)).

However, the Court also notes that in the Doe case, the Court also said:  "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom."  Doe, 340 F.3d at 614.

Plaintiff argues that his complaint satisfies the pleading requirements by asserting facts which show a pattern of activity designed to manufacture "cause" for the plaintiff's termination.  Specifically, he points to alleged activities and conduct over the course of a period of time which he says all relate to him.  He also cites the Court to the Eighth Circuit case of Nix v. Norman, 879 F.2d 429 (8th Cir. 1989), in support of his official capacity

-12-

claims.  In <u>Nix</u>, a panel of the Eighth Circuit stated:

> To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner.

879 F.2d at 433(citations omitted).

Here, plaintiff asserts that he was employed by Fort Smith; that the Fort Smith City Administrator and members of the Board of Directors possessed final authority concerning the plaintiff's employment; and that they used that authority in an unconstitutional manner.  Accordingly, under the guidelines established by the case law set forth above -- and particularly in light of the holding of <u>Nix v. Norman</u> -- the Court finds that the separate defendants' motion should be denied with respect to the claims asserted in Count III against Fort Smith.  *See* <u>Nix v. Norman</u>, 879 F.2d at 433.

(2) **<u>Harding and Campbell, Individually</u>** -- As set forth above, to establish a claim for individual liability under 42 U.S.C. § 1983, the plaintiff must establish that Harding and Campbell acted "under color of state law" and that they deprived Johnson of his rights, privileges or immunities secured by the Constitution or federal law.

The separate defendants argue that plaintiff's complaint fails to indicate that Harding and Campbell did anything more than

-13-

exercise their First Amendment rights -- which they are privileged to do under the Noerr-Pennington doctrine.

In response, plaintiff argues that the Noerr-Pennington doctrine does *not* apply to Harding and Campbell.   Specifically, the plaintiff argues that the Noerr-Pennington doctrine applies only to acts by private citizens to influence legislative activities.

The United States Supreme Court established the so-called Noerr-Pennington doctrine in two cases:  Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961) and United Mine Workers of America v. Pennington, 381 U.S. 657 (1965). Specifically, the Noerr Court held that "[t]he right of the people to inform their representatives in government of their desires with respect to the passage or enforcement of laws cannot properly be made to depend upon their intent in doing so." Noerr, 365 U.S. at 139.   In Pennington, the Supreme Court reiterated Noerr's protection of attempts to influence legislative activities under the First Amendment, regardless of improper or anti-competitive purposes.  Pennington, 381 U.S. at 669.  Based upon the Noerr-Pennington doctrine, courts "have held individual defendants constitutionally immune from liability for exercising their right to petition." Gorman Towers, Inc. V. Bogoslavsky, 626 F.2d 607, 615 (8th Cir. 1980).

Based upon the controlling case law, the Court finds that

-14-

questions of fact remain with respect to whether the <u>Noerr-Pennington</u> doctrine applies to any actions taken by Harding or Campbell in their *individual* capacities -- and not as agents of the plaintiff's alleged employer, the City of Fort Smith. Although immunity is important to protect private individuals from liability for exercising their right to petition, "[t]his exemption shall not apply, however, if the petitioning activities in question were 'sham' and in fact solely intended to cause injury to competitors rather than to obtain governmental action." <u>State of S.D. v. Kansas City Southern Indust., Inc.</u>, 980 F.2d 40, 50-51 (8ᵗʰ Cir. 1989)(citing <u>Allied Tube & Conduit Corp. V. Indian Head, Inc.</u>, 486 U.S. 492 (1988). *See also* <u>Razorback Ready Mix Concrete Co. v. Weaver</u>, 761 F.2d 484, 487 (8ᵗʰ Cir. 1985).

In his complaint, plaintiff asserts that the actions of Harding and Campbell -- and other defendants -- "were substantially motivated by improper political and personal concerns arising from Johnson's acts in his official capacity as Airport Manager of the Airport Commission within the scope of his duties." Complaint, ¶ 65. Based upon this allegation, the Court finds that the separate defendants' motion to dismiss must fail with respect to the claims asserted in Count III against Harding and Campbell in their individual capacities.

(d) **<u>Court IV -- Denial of Due Process; Violation of A.C.A. § 16-123-105</u>** -- In Count IV of his complaint, plaintiff asserts

that the intentional actions of Harding and Campbell deprived him of his property and liberty interests under the Arkansas Constitution. Complaint, ¶73.

The plaintiff pleads, alternatively, that separate defendants Harding and Campbell (and others) were acting within the scope of their official capacity and individually.  Complaint, ¶ 74-75.

The sole argument of the separate defendants with respect to Count IV consists of their immunity argument previously analyzed with respect to Count II.  And, as with Count II, Count IV involves intentional actions.  Therefore, for the reasons explained above, the Court finds that immunity pursuant to Ark. Code Ann. § 21-9-301 does not extend to the separate defendants with respect to Count IV and the separate defendants' motion is denied in that regard.

(e)    **Court V -- Defamation** -- In Count V of plaintiff's complaint, he asserts that defendants, including separate defendants Fort Smith, Harding and Campbell, made false statements to each other, to the press and to the public regarding the plaintiff's honesty, integrity, and professional competence. Complaint, ¶ 77.  Plaintiff argues that the statements were known to be false when made or were made with a reckless disregard for the truth.  Complaint, ¶ 78.  Again, the plaintiff pleads, alternatively, that separate defendants Harding and Campbell (and others) were acting within the scope of their official capacity,

-16-

and individually.  Complaint, ¶ 80-81.

The separate defendants assert two arguments with respect to Count V:

* first, that Count V should be dismissed because they are entitled to immunity pursuant to Ark. Code Ann. § 21-9-301; and

* second, that the claims asserted in Count V are time barred.

(1)  With respect to the separate defendants' immunity claim, Count V again asserts intentional actions.[5]  And, as analyzed above, the separate defendants are not entitled to immunity for the alleged intentional actions under Ark. Code Ann. § 21-9-301.

(2)  With respect to the separate defendants' timeliness claim, the separate defendants argue that plaintiff's defamation claim in Count V should be dismissed because, under Arkansas law, such a claim is time-barred if not brought within one year after the cause of action accrues.  *See* Ark. Code Ann. § 16-56-104. They argue that plaintiff claims he was terminated on November 6, 2003, but did not file this action until September 12, 2005.

Plaintiff counters that a three year statute of limitations applies to written defamation [*See* Ark. Code Ann. § 16-56-105(5)];

---

[5] Defamation is an intentional tort.  The elements include: "1) the defamatory nature of the statement of fact; 2) that statement's identification of or reference to the plaintiff; 3) publication of the statement by the defendant; 4) the defendant's fault in the publication; 5) the statement's falsity; and 6) damages." *See* <u>Dodson v. Allstate Ins. Co.</u>, 2006 WL 564045 (Ark. March 9, 2006).

and that the one year statute of limitations can be tolled where there was active concealment of the slander. *See* O'Mara v. Dykema, 942 S.W.2d 854 (Ark. 1997).

Since dismissal for failure to state a claim can only be granted when it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief, and because the allegations as set forth by the plaintiff could come within the exceptions to the separate defendants' timeliness argument, the Court concludes that the motion to dismiss must be denied with respect to Count V.

(e)  **Court VI -- Civil Conspiracy** --  In Count VI of plaintiff's complaint, he asserts that the defendants (including Fort Smith, Harding and Campbell) "combined to accomplish the wrongful acts complained of elsewhere in this Complaint." Complaint, ¶ 83.  Further, plaintiff claims that the defendants' "purposes were unlawful or oppressive or were accomplished through unlawful, oppressive, or immoral means."  Complaint, ¶ 84.  And, that the "defendants committed acts in furtherance of their conspiracy" which "resulted in monetary damages."  Complaint, ¶ 85-86.  Alternatively, plaintiff pleads that the separate defendants were acting within their official capacity, and individually.  Complaint, ¶ 87-88.

The separate defendants assert two arguments with respect to their challenge of Count VI:

-18-

* first, that Count VI should be dismissed because they are entitled to immunity pursuant to Ark. Code Ann. § 21-9-301; and

* second, that the plaintiff has not alleged facts sufficient to support a conspiracy claim.

(1)  With respect to the immunity claim, Count VI sets forth a claim for civil conspiracy -- an intentional tort.[6] Again, as analyzed above, the separate defendants are not entitled to immunity for the alleged intentional actions under Ark. Code Ann. § 21-9-301.

(2)  The Court will now turn to defendants' argument that plaintiff has not alleged facts sufficient to support a conspiracy claim.

According to established law,

[t]o prove a civil conspiracy, a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another.

Faulkner v. Arkansas Children's Hosp., 69 S.W.3d 393, 406 (Ark. 2002).  Further, "a corporation cannot conspire with itself, since that defeats the requirement of a combination of two or more persons action to accomplish some unlawful or oppressive purpose." Id. (quoting Dodson v. Allstate Ins. Co., 47 S.W.3d 866 (Ark. 2001)).  Accordingly,

---

[6] "'[C]ivil conspiracy is an intentional tort which requires a specific intent to accomplish the contemplated wrong." Faulkner v. Arkansas Children's Hosp., 69 S.W.3d 393, 406 (Ark. 2002).

-19-

> to sustain a claim for a civil conspiracy where agents
> of a corporation are involved, it is necessary to show
> that one or more of the agents acted outside of the
> scope of their employment, to render them a separate
> 'person' for purposes of the conspiracy.

Id.

Here, the complaint asserts that the defendants (including Fort Smith, Harding and Campbell) "combined to accomplish the wrongful acts complained of elsewhere in this Complaint."  As established above, the defendants include Fort Smith, the Fort Smith Airport Commission, the United States and various individuals who -- according to the plaintiff -- were both acting in their official capacities (as agents of Fort Smith, or the Fort Smith Airport Commission) and their individual capacities.

With respect to the individual capacity claims asserted against Harding and Campbell, the Court finds no facts to support the notion that Harding and Campbell were acting "for their own personal benefit to the elimination of any benefit" for Fort Smith.  See Faulkner, supra at 407.  Therefore, the plaintiff's civil conspiracy claim should be dismissed as to Harding and Campbell in that respect.

With respect to the official capacity claims asserted against Harding and Campbell, the Court finds that the plaintiff stated sufficient facts to support his claim for civil conspiracy. Further, although it appears possible to the Court that, after factual development, the City of Fort Smith and the Airport

-20-

Commission may be found to be a single corporate entity unable to conspire with itself absent actions by an agent outside of his or her official scope, the entities are currently identified as separate.  Further, the United States is a separate entity with which both Fort Smith and the Airport Commission are alleged to have conspired.  Accordingly, the separate defendants' motion to dismiss will be denied with respect to plaintiff's claim of civil conspiracy against Fort Smith and Harding and Campbell in their official capacities.

(f)  **Count VII -- Age Discrimination, Violation of A.C.A. § 21-3-203** -- With respect to Harding and Campbell, the separate defendants argue that Count VII of plaintiff's complaint is stated against other defendants and not against them.  Since plaintiff agrees, the separate defendants' motion to dismiss will be granted in that respect.

With respect to Fort Smith, the separate defendants argue that, although plaintiff's complaint alleges that the Airport Commission and Fort Smith discriminated against plaintiff by terminating his employment based on age, Count VII fails as against Fort Smith because he has not alleged facts to establish that Fort Smith participated in the decision-making process in any way which resulted in the termination of plaintiff's employment based on plaintiff's age.

In response, plaintiff argues that the complaint asserts that

-21-

Fort Smith dealt directly with the plaintiff under his employment contract; that it was liable to him under it; and that it breached the employment agreement. Moreover, says plaintiff, the complaint fairly alleges that Fort Smith discriminated against him because of his age.

Viewing plaintiff's complaint in the light most favorable to him, the Court concludes that plaintiff has sufficiently stated a claim against Fort Smith with respect to Count VII, Age Discrimination. Therefore, the separate defendants' motion to dismiss will be denied as to plaintiff's claim for age discrimination against Fort Smith.

IT IS, THEREFORE, ORDERED that **Motion to Dismiss First Amended Complaint by Separate Defendants, The City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #87), and the **Motion to Dismiss of the Separate Defendants, City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #114) should be, and they hereby are, **granted in part, and denied in part** as follows:

\*    **Count I —** the motions to dismiss are granted with respect to separate defendants Harding and Campbell; the motions to dismiss are denied with respect to separate defendant Fort Smith;

\*    **Count II —** the motions to dismiss are denied;

\*    **Count III —** the motions to dismiss are denied;

-22-

\* **Count IV –** the motions to dismiss are denied;

\* **Count V –** the motions to dismiss are denied;

\* **Count VI –** the motions to dismiss are granted with respect to the individual claims against separate defendants Harding and Campbell; the motions to dismiss are denied with respect to the official capacity claims against separate defendants Harding and Campbell, and as to the claims against separate defendant Fort Smith; and,

\* **Count VII –** the motions to dismiss are granted with respect to separate defendants Harding and Campbell; the motions to dismiss are denied with respect to separate defendant Fort Smith.

**IT IS SO ORDERED.**

  /s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

-23-