```
             IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                      FORT SMITH DIVISION
```

ROBERT JOHNSON                                                PLAINTIFF

               v.            Civil No. 05-2136

CITY OF FORT SMITH, ARKANSAS;
THE FORT SMITH AIRPORT COMMISSION;
WILLIAM STRANDELL, individually;
JOHN R. DALLAS, individually;
THE UNITED STATES OF AMERICA;
WILLIAM HARDING, individually;
JOHN POLINSKY, JR., individually;
R. MARK HORN, individually;
KENNETH PYLE, individually;
GARY W. CAMPBELL, individually;
COLE GOODMAN, individually;
JERRY R. STEWART, individually;
JOSEPH HERMANN, individually;
RICK DERAMUS, individually,                                  DEFENDANTS

### O R D E R

NOW on this 6th day of March, 2007, the above referenced matter comes on for this Court's consideration of **Defendant Cole Goodman's Motion to Dismiss First Amended Complaint** (document #83), the **Motion to Dismiss Plaintiff's Amended and Restated Complaint by the Separate Defendant, Cole Goodman** (document #118), and the various responses and replies thereto. Having reviewed the pleadings of the parties, and all other matters of relevance before it, the Court, being well and sufficiently advised, finds and orders as follows:

    1. Plaintiff, Robert A. Johnson,(hereinafter either "plaintiff" or "Johnson") filed this action on September 12, 2005 against the following named defendants:

* the City of Fort Smith, Arkansas ("Fort Smith");

* the Fort Smith Airport Commission ("Airport Commission");

* William Strandell ("Strandell");

* John R. Dallas ("Dallas");

* the United States of America ("U.S.A.");

* William Harding ("Harding");

* John Polinsky, Jr. ("Polinsky");

* R. Mark Horn ("Horn");

* Kenneth Pyle ("Pyle");

* Gary W. Campbell ("Campbell");

* Cole Goodman ("Goodman");

* Jerry R. Stewart ("Stewart");

* Joseph Herrmann ("Herrmann"); and

* Rick Deramus ("Deramus").

This matter was originally filed on September 12, 2005; a First Amended Complaint (document #82) was filed on August 16, 2006; and a First Amended and Substituted Complaint (document #109) was filed on September 12, 2006.

Plaintiff's complaint -- as finally constituted -- contains seven (7) separate counts:

* breach of contract;

* intentional interference with contract or business expectancy;

* denial of due process under 42 U.S.C. § 1983;

   *   denial of due process under Ark. Code Ann. § 16-123-105;

   *   defamation;

   *   civil conspiracy; and

   *   age discrimination under Ark. Code Ann. § 21-3-203.

   2.   Initially, separate defendant Cole Goodman moved to dismiss (document # 83) the plaintiff's First Amended Complaint filed herein on August 16, 2006.  Goodman argued that the First Amended Complaint failed to state any allegations upon which relief can be granted.  Goodman then filed the **Motion to Dismiss Plaintiff's Amended and Restated Complaint by the Separate Defendant, Cole Goodman** (document #118).

   The Court notes that its Order dated September 12, 2006 noted that the defendants had filed various motions to dismiss plaintiff's First Amended Complaint (document #108).  Further, the Order ruled that to the extent that any such motions were based upon plaintiff's non-compliance with Local Rule 5.5(e), the motions were denied as moot.  The defendants were then allowed time within which to supplement their pending motions to dismiss with other bases for dismissal.  Goodman did just that with the filing of the **Motion to Dismiss Plaintiff's Amended and Restated Complaint by the Separate Defendant, Cole Goodman** (document #118).

   3.   The Court notes that the issues presented by the instant motions mirror those set forth in the motions presented by separate defendants Fort Smith, Harding and Campbell in the **Motion**

to Dismiss First Amended Complaint by Separate Defendants, The City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #87) and the **Motion to Dismiss of the Separate Defendants, City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #114).  The issues have been thoroughly analyzed by this Court in its Order (document # 156); and, therefore, for the reasons set forth therein, the Court finds that Goodman's motions should be granted in part, and denied in part as set forth below.

IT IS, THEREFORE, ORDERED that **Defendant Cole Goodman's Motion to Dismiss First Amended Complaint** (document #83), and the **Motion to Dismiss Plaintiff's Amended and Restated Complaint by the Separate Defendant, Cole Goodman** (document #118) should be, and they hereby are, **granted in part, and denied in part** as follows:

*   **Count I –** the motions to dismiss are granted with respect to the claims against Goodman;

*   **Count II –** the motions to dismiss are denied;

*   **Count III –** the motions to dismiss are denied;

*   **Count IV –** the motions to dismiss are denied;

*   **Count V –** the motions to dismiss are denied;

*   **Count VI –** the motions to dismiss are granted with respect to the individual claims against Goodman; the motions to

dismiss are denied with respect to the official capacity claims against Goodman; and,

* **Count VII –** the motions to dismiss are granted with respect to the claims against Goodman.

**IT IS SO ORDERED.**

```
                               /s/ Jimm Larry Hendren
                              JIMM LARRY HENDREN
                              UNITED STATES DISTRICT JUDGE
```