IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT JOHNSON PLAINTIFF

v. Civil No. 05-2136

CITY OF FORT SMITH, ARKANSAS;
THE FORT SMITH AIRPORT COMMISSION;
WILLIAM STRANDELL, individually;
JOHN R. DALLAS, individually;
THE UNITED STATES OF AMERICA;
WILLIAM HARDING, individually;
JOHN POLINSKY, JR., individually;
R. MARK HORN, individually;
KENNETH PYLE, individually;
GARY W. CAMPBELL, individually;
COLE GOODMAN, individually;
JERRY R. STEWART, individually;
JOSEPH HERMANN, individually;
RICK DERAMUS, individually, DEFENDANTS

**O R D E R**

NOW on this 6th day of March, 2007, the above referenced matter comes on for this Court's consideration of the **Motion of Defendant, Kenneth Pyle, to Dismiss Plaintiff's First Amended Complaint** (document #85), the **Motion of Defendant, Kenneth Pyle, to Dismiss Plaintiff's First Amended and Substituted Complaint** (document #96), the **Motion of Defendant, Kenneth Pyle, to Dismiss Plaintiff's First Amended and Substituted Complaint** (document #112), and the various responses and replies thereto. Having reviewed the pleadings of the parties, and all other matters of relevance before it, the Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff, Robert A. Johnson,(hereinafter either

"plaintiff" or "Johnson") filed this action on September 12, 2005 against the following named defendants:

* the City of Fort Smith, Arkansas ("Fort Smith");
* the Fort Smith Airport Commission ("Airport Commission");
* William Strandell ("Strandell");
* John R. Dallas ("Dallas");
* the United States of America ("U.S.A.");
* William Harding ("Harding");
* John Polinsky, Jr. ("Polinsky");
* R. Mark Horn ("Horn");
* Kenneth Pyle ("Pyle");
* Gary W. Campbell ("Campbell");
* Cole Goodman ("Goodman");
* Jerry R. Stewart ("Stewart");
* Joseph Herrmann ("Herrmann"); and
* Rick Deramus ("Deramus").

This matter was originally filed on September 12, 2005; a First Amended Complaint (document #82) was filed on August 16, 2006; and a First Amended and Substituted Complaint (document #109) was filed on September 12, 2006.

Plaintiff's complaint -- as finally constituted -- contains seven (7) separate counts:

* breach of contract;
* intentional interference with contract or business

expectancy;

* denial of due process under 42 U.S.C. § 1983;
* denial of due process under Ark. Code Ann. § 16-123-105;
* defamation;
* civil conspiracy; and
* age discrimination under Ark. Code Ann. § 21-3-203.

2. Separate defendant Kenneth Pyle moved to dismiss (document # 85) the plaintiff's First Amended Complaint filed herein on August 16, 2006. Then, Pyle moved to dismiss (document #96) plaintiff's First Amended and Substituted Complaint. Pyle that the plaintiff's complaint failed to state any allegations upon which relief can be granted. Pyle then filed the **Motion of Defendant, Kenneth Pyle, to Dismiss Plaintiff's First Amended and Substituted Complaint** (document #112).

The Court notes that its Order dated September 12, 2006 noted that the defendants had filed various motions to dismiss plaintiff's First Amended Complaint (document #108). Further, the Order ruled that to the extent that any such motions were based upon plaintiff's non-compliance with Local Rule 5.5(e), the motions were denied as moot. The defendants were then allowed time within which to supplement their pending motions to dismiss with other bases for dismissal. Goodman did just that with the filing of the **Motion of Defendant, Kenneth Pyle, to Dismiss Plaintiff's First Amended and Substituted Complaint** (document

#112).

3. The Court notes that the issues presented by the instant motions mirror those set forth in the motions presented by separate defendants Fort Smith, Harding and Campbell in the **Motion to Dismiss First Amended Complaint by Separate Defendants, The City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #87) and the **Motion to Dismiss of the Separate Defendants, City of Fort Smith, Arkansas, William Harding and Gary W. Campbell** (document #114). The issues have been thoroughly analyzed by this Court in its Order (document #156); and, therefore, for the reasons set forth therein, the Court finds that Pyle's motions should be granted in part, and denied in part as set forth below.

IT IS, THEREFORE, ORDERED that **Motion of Defendant, Kenneth Pyle, to Dismiss Plaintiff's First Amended Complaint** (document #85), the **Motion of Defendant, Kenneth Pyle, to Dismiss Plaintiff's First Amended and Substituted Complaint** (document #96), the **Motion of Defendant, Kenneth Pyle, to Dismiss Plaintiff's First Amended and Substituted Complaint** (document #112) should be, and they hereby are, **granted in part, and denied in part** as follows:

* **Count I** – the motions to dismiss are granted with respect to the claims against Pyle;

* **Count II –** the motions to dismiss are denied;

* **Count III –** the motions to dismiss are denied;

* **Count IV –** the motions to dismiss are denied;

* **Count V –** the motions to dismiss are denied;

* **Count VI –** the motions to dismiss are granted with respect to the individual claims against Pyle; the motions to dismiss are denied with respect to the official capacity claims against Pyle; and,

* **Count VII –** the motions to dismiss are granted with respect to the claims against Pyle.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE